IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Willie Johnson, # 127069, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.:9:09-1782-PMD-BM |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| McKither Bodison, | ). | |
| | ) | |
| Respondent. | ) | |

This matter is before the court upon Petitioner Willie Johnson's ("Petitioner") objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that his petition be summarily dismissed as a successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A). A petitioner may object, in writing, to an R&R within ten days after being served with a copy of the report. 28 U.S.C. § 636 (b)(1). Petitioner has filed a timely objection. Having reviewed the entire record, including Petitioner's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Petitioner is currently an inmate at Lieber Correctional Institution of the South Carolina Department of Corrections serving a life sentence on a murder conviction entered in the Court of General Sessions for Charleston County on April 18, 1985. Respondent is the Warden of Lieber Correctional Institution. Petitioner has sought habeas relief several times since his 1985 conviction.[1] Petitioner filed a Petition for Writ of Habeas Corpus on March 30, 1989 (C/A No. 3:89-722-MJP), which was dismissed. The Fourth Circuit subsequently dismissed Petitioner's

---

[1] A court may take judicial notice of prior court proceedings. See *Mann. Peoples First Nat. Bank & Trust Co.,* 209 F.2d 570, 572 (4th Cir. 1954).

appeal on April 4, 1990, with the modification that the earlier dismissal was without prejudice. *Johnson v. Evatt,* 900 F.2d 252, 1990 WL 48932 (April 4, 1990) (unpublished) (4th Cir. No. 89-6412). Petitioner again filed a habeas petition pursuant to § 2254 on June 9, 1990 (C/A No. 3:90-1308-MJP), with that petition again being dismissed by both the District Court and by the Fourth Circuit on appeal. *Johnson v. Evatt,* 993 F.2d 1537, 1993 WL 177800 (May 26, 1993) (unpublished) (4th Cir. No. 91-7166). Petitioner then filed another habeas petition pursuant to § 2254 on January 28, 1994 (C/A No. 0:94-310-MJP), which was dismissed by the District Court as well as by the Fourth Circuit on appeal on June 28, 1995. *Johnson v. Evatt,* 60 F.3d 822, 1995 WL 382074 (June 28, 1995) (unpublished) (4th Cir. No. 95-6458). Petitioner filed yet another habeas petition pursuant to § 2254 on April 23, 1999 (C/A No. 0:99-1070-MJP), which was dismissed as successive. Petitioner's appeal was denied a certificate of appealability and dismissed by the Fourth Circuit on December 22, 1999. *Johnson v. Catoe,* 202 F.3d 259, 1999 WL 1242577 (December 22, 1999) (unpublished) (4th Cir. No. 99-7439). Finally, Petitioner filed his fifth habeas corpus petition on March 6, 2007 (C/A No. 0:07-0604-PMD-BM), which was dismissed by this Court as successive and was denied appeal by the Fourth Circuit. *Johnson v. Warden, Lieber Corr. Inst.*, No. 07-7000, 235 Fed. Appx. 69, 2007, 2007 WL 2461806 (4th Cir. Aug. 24, 2007).

The Magistrate Judge found that because Petitioner has filed several habeas petitions prior to the petition currently before the court, the court must dismiss the current petition as successive and Petitioner must seek leave from the United States Court of Appeals for the Fourth Circuit. 28 U.S.C. § 2244(b). Having reviewed the entire record, including Petitioner's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

## DISCUSSION

The Magistrate Judge found and Petitioner has acknowledged that Petitioner has sought habeas relief several times prior to this current petition. As such, the court agrees with the R&R's conclusion that Petitioner's current habeas petition must be dismissed as successive pursuant to 28 U.S.C. § 2244(b)(3)(A). As noted by the Magistrate Judge, leave from the United

States Court of Appeals for the Fourth Circuit is required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 habeas petitions. Therefore, as correctly instructed by the Magistrate, before Petitioner can file another habeas petition in the United States District Court, he must seek and obtain leave (i.e., written permission) from the Fourth Circuit. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The R&R has provided Petitioner with proper instructions on obtaining the necessary form from the Clerk's Office for the United States Court of Appeals for the Fourth Circuit.

Petitioner has timely filed objections to the R&R. Petitioner argues that his petition is not successive and that the court must consider the merits of his claim. Petitioner claims that by dismissing his habeas petition, the court is denying him access to the courts. Further, Petitioner argues that what the Magistrate Judge lists as Petitioner's third habeas petition is not actually a third petition but rather a continuation of his second petition. Finally, Petitioner makes multiple arguments as to the underlying merits of his habeas claim.

The court finds Petitioner's objections to be without merit. It is undisputed that Petitioner has filed multiple habeas petitions prior to the petition at issue in this case. As such, the Court cannot consider a second or successive habeas petition unless Petitioner first obtains a permission from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3)(A). Until Petitioner obtains permission from the Fourth Circuit, this court is unable to address the underlying merits of his claim.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Petitioner Willie Johnson's habeas petition be **DISMISSED** without prejudice and without requiring the Respondent to file a return.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**November 9, 2009**

NOTICE OF APPEAL
Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.